## RODRIGUEZ v. CAMPBELL et al.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1925.)

No. 4500.

Aliens ☞53—Statute providing that alien convicted of crime involving moral turpitude shall not be deported when court so recommends held not applicable to alien unlawfully re-entering after deportation.

Provision of Immigration Act 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), that alien convicted of crime involving moral turpitude shall not be deported when court so recommends, does not apply to alien convicted of misdemeanor in re-entering United States after deportation, which is not crime involving moral turpitude.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Petition for habeas corpus by Emma Rodriguez against C. C. Campbell, United States Immigration Official at San Antonio, Tex., and others. Petition dismissed, and petitioner appeals. Affirmed.

R. L. Sullivan, of Dallas, Tex., for appellant.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (N. A. Dodge, Sp. Asst. U. S. Atty., of Fort Worth, Tex., Randolph Caldwell, Asst. U. S. Atty., of Dallas, Tex., and Morrow H. Boynton, Asst. U. S. Atty., of Ballinger, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By habeas corpus proceedings the validity of appellant's detention under a warrant and order for her deportation to Mexico was unsuccessfully challenged. It was shown that nothing alleged as a ground of exclusion and deportation was supported by evidence in the deportation proceedings in which the challenged order was made, except the appellant's guilt of an offense for which she was indicted after the deportation order was made. That indictment charged:

"That heretofore, to wit, on or about the 14th day of July, A. D. 1922, one Emma Rodriguez, alias Emma Espinosa, was a citizen of the republic of Mexico, and was not entitled to enter the United States of America under the provisions and by the terms of the Act of Congress of February 5, 1917, and the amendments thereto, the said Emma Rodriguez, alias Emma Espinosa, being an alien, who had been excluded and deported in pursuance of the provisions of the aforesaid Act of Congress relating to prostitutes, the said Emma Rodriguez, alias Emma Espinosa, having been deported under the aforesaid provisions of the aforesaid act on the 24th day of February, A. D. 1918, and that thereafter and heretofore, to wit, on or about the 14th day of July, A. D. 1922, the said Emma Rodriguez, alias Emma Espinosa, did unlawfully, knowingly, willfully, and fraudulently enter the United States of America from the republic of Mexico without having been duly admitted and inspect-

ed, as provided for by the aforesaid act of Congress and the amendments thereto, with full knowledge on her part of the aforesaid deportation."

By the judgment of conviction under that indictment the appellant was sentenced to confinement in a named jail "for a term or period of 90 days, said term of confinement to be dated back 83 days, with recommendation to the Secretary of Labor that order of deportation not be carried out and that defendant be allowed to remain with her husband."

Following the enumeration in section 19 of the Immigration Act of 1917 (39 Stat. 889 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]), of sundry grounds on which an alien "shall, upon the warrant of the Secretary of Labor, be taken into custody and deported," some of which grounds do not involve moral turpitude on the part of the alien, is the following: "Provided further, that the provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned, nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within thirty days thereafter, due notice having first been given to representatives of the state, make a recommendation to the Secretary of Labor that such alien shall not be deported in pursuance of this act." The offense which was the ground for appellant's deportation, and of which she was convicted as above stated, was created by the following provision of section 4 of the above-mentioned act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289bb): "That any alien who shall, after he has been excluded and deported or arrested and deported in pursuance of the provisions of this act which relate to prostitutes, procurers, or other like immoral persons, attempt thereafter to return to or to enter the United States shall be deemed guilty of a misdemeanor," etc.

By its express terms the above quoted provision as to a recommendation to the Secretary of Labor by a court, or judge thereof, applies only in cases "of aliens convicted of a crime involving moral turpitude." The statute does not purport to give to a recommendation of a court or judge to the Secretary of Labor that an alien convicted of a crime which does not involve moral turpitude be not deported the effect of forbidding or preventing the deportation of such alien. The appellant did not, within the meaning of the statute, commit a crime involving moral turpitude by re-entering or attempting to re-enter the United States from Mexico after she had been deported, and without having been duly admitted and inspected. The offense for which the appellant was convicted not being one involving moral turpitude, the above-mentioned recommendation did not have the effect of depriving the Secretary of Labor of the right or power to have her deported on proof of the existence of that ground, which made her subject to be taken into custody and deported.

It appearing that the challenged warrant and order for appellant's deportation were based on proof of the existence of a ground authorizing her to be taken into custody and deported, and that that order remained in effect and was legally enforceable, it was not error to dismiss the petition for the writ of habeas corpus.

The order to that effect is affirmed.