**UNITED STATES ex rel. ARCARA v. FLYNN, Director of Immigration.**

(District Court, W. D. New York. February 6, 1926. On Motion for Rehearing, March 15, 1926.)

Aliens ⬥═53—Recommendation of court to prevent deportation of alien, convicted of crime involving moral turpitude, must be not later than 30 days after sentence; "shall" (Immigration Law 1917, § 19 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]).

Under Immigration Law 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), providing that provision for deportation of alien, convicted of crime involving moral turpitude, shall not apply if court sentencing him therefor shall, at time of or within 30 days

after sentence, make a recommendation against deportation, later recommendation is unavailing; "shall" being given a mandatory effect when a right to a person is lost by failure to do an act within a limited time.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Shall (in Statutes as Permissive or Mandatory).]

Habeas Corpus. Proceeding by the United States, on the relation of Giovanni Arcara, against William Flynn, Director of Immigration, in charge at Buffalo, N. Y. Writ dismissed.

John Leo Sullivan, of Dunkirk, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Percy R. Smith, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), opposed.

HAZEL, District Judge. This is a second application for a writ of habeas corpus. On the hearing of the first it was decided that the deportation of the relator to Italy by the Secretary of Labor was proper, on the ground that in February, 1918, before his second entry into the United States, he had been convicted of an offense involving moral turpitude and sentenced to prison for a term exceeding one year. It appears that, after his sentence expired, he voluntarily returned to Italy, but re-entered the United States in November, 1922, and resides here now. An appeal to the Circuit Court of Appeals was taken by him from the decision on his first application for a writ, but subsequently the parties entered into a stipulation dismissing the appeal, and the relator was remanded to the custody of the Immigration Department for deportation.

On this application it is contended that, under section 19 of the Immigration Law of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), the relator, after his sentence, was not accorded the benefit of a recommendation, by the court imposing the sentence, that he be not deported. The relevant parts of the statute read as follows:

"Provided further, that the provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned, nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within thirty days thereafter, due notice having first been given to representatives of the state, make a recommendation to

the Secretary of Labor that such alien shall not be deported in pursuance of this act."

Although no recommendation was made within the time limited, the court imposing the sentence has, since then, forwarded a letter to the Secretary of Labor, recommending that the relator "ought not to be deported on this conviction," and explaining that it had not come to his attention that the relator was an alien. He could not have been deported after his conviction and sentence, had he not left this country, for he had been domiciled here continuously more than five years; but upon his departure and subsequent return he subjected himself to the provisions of the Immigration Act, in that the crime for which he was convicted concededly involved moral turpitude and was committed prior to this re-entry into the United States.

Counsel on both sides agree that the question for decision depends upon what the construction of section 19 of the act should be. It is clearly provided that the recommendation shall be made by the judge sentencing the person convicted, at the time of passing sentence or within 30 days thereafter. The word "shall," I think, must be given a compulsory meaning, and it is not open to the implication of a mere directory requirement. Congress could have used the word "may," or other suitable language to indicate directory obedience, but did not do so. True enough, the auxiliary verb "shall," used in statutes, is sometimes construed as being merely directory; but, when a right to a person or property is lost or destroyed by failure to do an act within a limited time, it is given a mandatory effect.

The proceedings in Congress, to which relator refers in his brief, seem to support this conclusion. It was suggested by Congressman Powers, during the discussion, that the provision should read, "at the time of imposing judgment or passing sentence, or at any time thereafter"; but, since his suggestion was not adopted, the inference is warranted that Congress imposed an imperative time in which the recommendation should be made.

The writ, therefore, is dismissed.

### On Motion for Rehearing.

The contention of counsel for the relator has again been examined. There is no case that has passed directly upon the precise question here involved, but that a strict construction is to be given to the proviso in section 19 of the Immigration Act quoted in the former memorandum is indicated by the case of Rodriguez v. Campbell, recently de-cided by the Circuit Court of Appeals for the Fifth Circuit, and reported in 8 F.(2d) 983. In that case the alien had previously been deported under the provision relating to prostitutes, but subsequently re-entered, and, upon being convicted for unlawful entry, she was confined in jail for a period of 90 days, and at the time of imposing sentence the court recommended to the Secretary of Labor that the order of deportation be not carried out, and that she be permitted to remain with her husband. But the Circuit Court of Appeals held, in writ of habeas corpus proceedings, that the proviso as to the recommendation that the relator be not deported applied only to cases of conviction for crimes involving moral turpitude, and as she had not been convicted of an offense involving moral turpitude by re-entering the United States, the recommendation did not have the effect of precluding the Secretary of Labor of the power to have her deported for the unlawful entry which subjected her to deportation.

There are cases cited in the relator's brief wherein the word "shall" was given a directory interpretation, but in these cases the phraseology of the Legislature in the main indicated such an intention, or it did not appear that the prohibited act was in any way restricted by lapse of time. They do not apply, or compel a different conclusion from that stated in the original opinion.

The motion for rehearing is denied.