770

## UNITED STATES v. ESPOSITO.
### Cr. No. 37698/1939.

District Court, E. D. New York.
July 18, 1946.

Charles Graff, of New York City, for defendant, for motion.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., and J. D. Saver, Asst. U. S. Atty., of Brooklyn, N. Y., for plaintiff, opposed.

INCH, District Judge.

This is a motion made on behalf of defendant for an order modifying a sentence imposed by this court in 1939, nunc pro tunc, as of the date of the imposition of said sentence, recommending withholding and waiving of an order of deportation of defendant, pursuant to Title 8, Section 155

(a) of the United States Code, annotated. The motion is opposed by the United States Attorney.

It appears from the papers and the records of the court that, Esposito was duly convicted in 1939, of transporting narcotics. He had a previous criminal record in connection with some minor violation of the then National Prohibition Act. 27 U.S. C.A. § 1 et seq. He was sentenced to serve six years in the Federal Penitentiary and after serving four years he was released in 1943, his sentence having been reduced for good behavior.

He has resided continuously in the United States since 1912, after legally entering this country. He is married to an American citizen and, besides other children, has a son honorably discharged from the United States Navy, and another son honorably discharged from the United States Army, both of them after having rendered due service.

It is further indicated that after Esposito's release from prison he obtained employment and has ever since had a good record as a law-abiding man and is now employed as a longshoreman.

It further appears that an application for a pardon would not have been opposed by this court because of this subsequent good behavior of the defendant when such application was submitted to the President. Apparently such pardon has not been granted. On these facts the present motion is now made.

The motion cannot be granted for the following reasons: I shall assume that the motion is really for one to amend the judgment by now inserting something that was or should have been made a part of the judgment by the judge imposing the sentence, this rather than a modification of a judgment that has long ago been duly served.

It is conceded that counsel for the defendant, at the time of sentence, made no request for such relief and, as the sentencing judge, I can say that nothing of that kind was then present in my mind at the time of sentence. To be sure after the due service of the sentence by defendant and the record of his subsequent good

conduct through the following years becoming facts presented to the court on his application for pardon, facts that did not even exist at the time of sentence, this court then felt that a pardon could properly be granted in order to avoid a deportation. This court still feels that under the circumstances, if shown to be true facts, deportation could reasonably be stayed and the harsh result, which otherwise would follow not only to defendant and especially to his family, be avoided.

The defendant however is still not remediless as a careful examination of Section 155 shows.

Accordingly the judgment cannot be modified nor can it be amended because of any alleged mistake or other error at the time of sentence nor is this application within the provision of the statute requiring such application to be made within thirty days after the imposition of judgment. United States ex rel. Klonis v. Davis, 2 Cir., 1926, 13 F.2d 630.

Apparently the President did not see fit to grant a pardon, but this may have been for other reasons rather than a hardship imposed by deportation. The Congress, however, in the said Section 155, as amended, Title 8 U.S.C.A., has provided a remedy where at subdiv. (c) it is directed that where "good moral character" is satisfactorily shown "for the preceding five years the Attorney General may * * * suspend deportation of such alien * * * if he finds that such deportation would result in serious economic detriment to a citizen, or legally resident alien who is the spouse, parent, or minor child of such deportable alien." And then the section goes on to indicate the steps then to be followed both by the Attorney General and the Congress.

In my opinion, good conduct while serving his sentence, followed by continuous good conduct thereafter, may well be considered, in the aggregate, in a proper case, to meet the provision of the five years required. This it seems to me is the only legal remedy now open to defendant and I have no hesitation in recommending, provided the Attorney General is satisfied on the facts, that deportation of defendant should be suspended in accordance with the provisions of the statute above referred to. Beyond this nothing further can be done by this court.

The present motion is denied. Submit order.