UNITED STATES of America ex rel. George PIPERKOFF, Relator-Appellant,

v.

P. A. ESPERDY, District Director, Immigration and Naturalization Service, District of New York, United States Department of Justice, Respondent-Appellee,

No. 275, Docket 25308.

United States Court of Appeals Second Circuit.

Argued April 22, 1959.

Decided May 18, 1959.

Edward L. Dubroff, Brooklyn, N. Y. (Jacob W. Rozinsky, New York City, on the brief), for relator-appellant.

Roy Babitt, Sp. Asst. U. S. Atty., Southern Dist. of New York, New York City (Arthur H. Christy, U. S. Atty., New York City, on the brief), for respondent-appellee.

Before LUMBARD and MOORE, Circuit Judges, and ANDERSON, District Judge.

LUMBARD, Circuit Judge.

This is an appeal from a denial of the writ of habeas corpus by the District Court for the Southern District of New York, without a hearing. The relator is an alien who, though he has concededly been convicted of two crimes involving moral turpitude within the meaning of 8 U.S.C.A. § 1251(a) (4) and thereby rendered himself deportable, seeks to prevent his deportation on the ground that the sentencing court issued the "recommendation" against deportation which is authorized by § 1251(b)[1] and that it thereby rendered the deportation provisions of § 1251(a) inoperative. The sole issue presented for decision is whether the recommendation which the sentencing court entered was made "at the time of first imposing judgment or passing sentence, or within thirty days thereafter" as required by § 1251(b).

---

1. The pertinent portion of § 1251(b) is: "The provisions of subsection (a) (4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply * * * (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter."

We hold that it was not, and consequently we affirm the decision of the district court.

Piperkoff was born in 1900 in Sofia, Bulgaria, and was last a national of Bulgaria. He has continuously resided in the United States since his lawful entry in 1921. In 1935 he was sentenced by the Kings County Court in New York to one year upon his plea of guilty to a charge of attempted burglary. In 1938 after trial in the same court he was sentenced as a second felony offender to an indeterminate term of from 40 to 60 years for the crime of robbery in the first degree. In 1939 he was ordered deported under § 19 of the Immigration Act of 1917, 39 Stat. 889 (1917), but deportation was deferred until his release from prison.

In 1954 the relator brought a *coram nobis* proceeding in the sentencing court as a result of which the 1935 conviction was vacated on the ground of defects arising from lack of counsel at several stages in the 1935 proceedings. On rearraignment Piperkoff pleaded guilty to the misdemeanor of unlawful entry, sentence was suspended, and the court recommended that he not be subject to deportation. It is conceded that this recommendation was ineffective because the Immigration Service was not given the requisite statutory notice under § 1251(b). At the same proceeding Piperkoff was resentenced on the 1938 felony as a first felony offender. A similarly defective recommendation was entered as to this sentence.

Thereafter on relator's motion the deportation proceedings were reopened in 1955, the charge was altered to conviction after entry of two crimes involving moral turpitude, § 1251(a) (4), and the recommendations against deportation were disallowed for failure to give statutory notice.

Finally in 1957 the events which gave rise to these proceedings occurred in the sentencing court. On relator's motion the court again held what it labelled as proceedings "in the nature of coram nobis," it vacated the judgments it had entered in 1954, and gave the statutory notice to the Immigration Service, the Attorney General and others which is required to give effect to a recommendation against deportation. § 1251(b). The Immigration Service and the Attorney General neither appeared in nor objected to the proceedings subsequently held. With the consent of the District Attorney of Kings County the court resentenced Piperkoff to the same sentences it had previously vacated on the 1954 and 1938 convictions, and recommended against deportation on both. The Board of Immigration Appeals nevertheless denied Piperkoff's motion for reconsideration of its prior decision that the recommendation was void, giving as its ground that for purposes of § 1251 (b) judgment was "first imposed" in 1954, not in 1957, so that the 1957 notice was untimely. On June 18, 1958 Piperkoff was arrested by the Immigration and Naturalization Service and immediately commenced these proceedings.

We have previously held that under § 19 of the Immigration Act of 1917, 39 Stat. 889–890 (1917), the predecessor of § 1251(b), the power of the sentencing court to make its recommendation was strictly circumscribed. We found that an order entered one and one-half years after sentence purporting to amend the judgment *nunc pro tunc* so as to add the requisite recommendation was ineffective to prevent deportation. United States ex rel. Klonis v. Davis, 2 Cir., 1926, 13 F.2d 630. The present statute does not alter but reinforces that view, since it adds the word "first" to the phrase "at the time of [first] imposing judgment * * * *"[2]

2. That this was the Congressional intent seems clear. The comments of the General Counsel of the Immigration and Naturalization Service in his analyses of S. 3455, 81st Congress, and S. 716, 82nd Congress, which contained the word "first" in the section relating to judicial recommendations, were that this addition constituted "an improvement over existing law since in the past some judges have

Relator argues that this case is distinguishable because the sentencing court here did not purport to amend its earlier order *nunc pro tunc,* but rather purported to vacate the judgment in its entirety by *coram nobis,* and to impose a new "first" judgment in 1957. A necessary corollary of relator's argument is that § 1251(b) adopts the state rule as to what constitutes the "first" entry of judgment, and that we are therefore bound to accept what the Kings County court purported to do. We do not agree, although, despite argument to the contrary, we assume for purposes of this case that under the law of New York it was proper for the Kings County Court to employ the writ of *coram nobis* to vacate the earlier judgment.

We hold that § 1251(b) announces a federal standard for the determination of what constitutes the first entry of judgment or the passing of sentence. While we may assume that in many or even most cases that standard incorporates and adopts the relevant state law, we hold that it does not do so where the sole basis for the vacation and reentry of judgment is to repair the omission to make the statutory recommendation against deportation permitted by § 1251 (b). To hold otherwise would be to defeat the plain command of the statute, which strictly, and for good purpose, limits the time within which the extraordinary power vested in the trial court must be exercised. The state prosecuting officials would normally have no interest in opposing such a vacation and reentry, since it in no way affects the liability of the prisoner under state law, and as here they consequently would have no interest in appealing even an apparently erroneous employment of a state *coram nobis* or habeas corpus proceeding for this purpose.

Conversely, the United States and its officers are concerned in these cases solely with the administration of § 1251, and they have no interest in the merits or propriety of *coram nobis* or habeas corpus proceedings as they affect the underlying conviction. The result of the adoption of relator's contention here would therefore be to vest in the substantially uncontrolled discretion of the trial courts of the states the power to avoid the careful time limitations of § 1251(b), in plain conflict with the manifest intention of Congress.

For these reasons we conclude that the time of first imposing judgment or passing sentence was 1954. Consequently the 1957 recommendations that Pierkoff be not deported were not made within the time limit prescribed by Congress and they are ineffective to prevent his deportation.

Accordingly the order of the district court dismissing the writ of habeas corpus is affirmed.

---

attempted to make recommendations of this kind long after the expiration of 30 days after the first imposition of sentence * * * " Although neither of these bills became law, Section 241(b) (2) of the present Act, 8 U.S.C.A. §

1251(b), continued the language of those bills. These analyses have been cited with approval by the Supreme Court, the most recent case being Leng May Ma v. Barber, 1958, 357 U.S. 185, 78 S.Ct. 1072, 2 L.Ed.2d 1246.