MATTER OF P——

In DEPORTATION Proceedings

A-8421656

*Decided by Board June 21, 1960*

Recommendation against deportation—Ineffective when made at time of resentencing—Notice from court not required where attorney had notified Service recommendation would be requested.

(1) Court's recommendation against deportation not timely when made upon resentencing on October 2, 1959, following retrial as result of *coram nobis* proceedings alleging respondent did not comprehend the nature of the complaint when he originally pleaded guilty to disorderly conduct on March 19, 1959. Respondent again pleaded guilty at new trial; hence, sole purpose was to obtain recommendation against deportation not previously made.

(2) "Notice" requirement in section 241(b)(2) of the 1952 act is satisfied when respondent's counsel has furnished Service with notice of intention to move the court for a recommendation against deportation.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude, to wit, disorderly conduct, in violation of section 722, subdivision 8, of the New York Penal Law, on two occasions.

BEFORE THE BOARD

Discussion: The case comes forward to this Board pursuant to certification by the special inquiry officer of his order dated December 8, 1959, terminating the deportation proceedings.

The record relates to a native of Germany, a citizen of Israel and Germany, 38 years old, male, who was last admitted to the United States on June 25, 1958, as a returning resident. He had originally been admitted for permanent residence on December 25, 1952. Thereafter, he was temporarily absent from the United States from September 1955 to March 20, 1956, May 1957 to September 1957, March 1958 to June 25, 1958. He was readmitted upon each occasion as a returning resident.

Deportation proceedings were instituted by service of an order to show cause and notice of hearing upon the respondent on June 18, 1959. At the hearing, it was established that the respondent was first convicted on September 30, 1954, in the City Magistrates Court

689

of the City of New York of the offense of disorderly conduct in violation of section 722(8) of the Penal Law of the State of New York, committed September 30, 1954. He was next convicted on March 17, 1959, in the same court of the same offense committed March 16, 1959. On each occasion the respondent pleaded guilty and was fined the sum of $25. It is not controverted that these offenses involve moral turpitude (*Matter of G——*, 7 I. & N. Dec. 520).

The case was previously before us on appeal from the decision entered by the special inquiry officer on July 10, 1959, directing the respondent's deportation on the charge contained in the order to show cause. In view of representations that the disorderly conduct conviction of September 14th had been vacated pursuant to a writ of *coram nobis* and a new trial had been scheduled in the Magistrates Court, we ordered the proceedings to be reopened.

At the reopened hearing it was established that the motion to vacate the judgment of conviction of March 17, 1959, was granted on September 11, 1959, and the City Magistrates Court directed that the case be retried on September 25, 1959. On September 14, 1959, the respondent's counsel notified the District Attorney of New York County, the District Director of the Immigration and Naturalization Service at New York, and the Attorney General at Washington, D.C., of the action taken by the City Magistrates Court, including in such notification the advice that pursuant to the provisions of section 241(b) of the Immigration and Nationality Act,[1] in the event of a judgment of conviction against the respondent, an application would then and there be made to the court for recommendation to the Attorney General that the alien not be deported.

The new trial in the City Magistrates Court was adjourned until October 2, 1959, appropriate notice being given to the Service by counsel, and at the trial on October 2, 1959, the respondent pleaded guilty to the charge, was fined $25 or 5 days, execution of the sentence was suspended and after imposition of sentence the City Magistrates Court expressly recommended that the respondent not be deported as a result of such conviction.

There is no dispute as to the facts. The legal issue to be deter-

---

[1] The pertinent portion of section 241(b) of the Immigration and Nationality Act (8 U.S.C. 1251(b)) provides that the provisions of subsection (a) (4) of this section "respecting the deportation of an alien convicted of a crime or crimes shall not apply * * * (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter."

mined is whether the court's recommendation against deportation was made at the time of first imposing judgment or passing sentence or within 30 days thereafter as required by section 241(b) of the act, 8 U.S.C. 1251(b).[2] A corollary issue is whether the notice furnished by *counsel* constitutes compliance with the provisions of section 241(b).

It is believed that a careful examination of the various steps in the *coram nobis* proceedings is appropriate at this point. The petition in the *coram nobis* proceedings sets forth that at the time of pleading guilty on March 17, 1959, the petitioner was not represented by counsel but was so represented at the time of sentencing; that counsel arrived after the petitioner had been arraigned and pleaded guilty and was present at the time of sentencing; that the petitioner did not understand the complaint when it was read to him in court and he asked it be translated into German which was not done; that the petitioner was too embarrassed and ashamed to say that he did not read English well enough to understand the complaint and to repeat his request that it be translated into German; that the petitioner pleaded guilty without comprehending the charge against him; that the petitioner's counsel at the criminal proceeding did not discover what had occurred until the minutes were transcribed at the request of the petitioner's counsel in the present deportation proceedings; that the petitioner has been ordered deported; wherefore the petitioner prayed that a writ of error *coram nobis* be granted, vacating the plea of guilty, the conviction and sentence and that the petitioner be rearraigned. The motion to vacate the judgment was granted on September 11, 1959, and a new trial date set. The minutes of the court hearing which led to the order vacating the judgment indicate that counsel entered a plea of "not guilty." However, when the respondent was again before the court on October 2, 1959, for rearraignment counsel had the respondent plead guilty and the court sentenced him to $25 or 5 days, execution of sentence suspended; then, after hearing counsel's representations that the respondent would be deported under the McCarran Act unless a recommendation against deportation be made, the court so recommended.

It is believed that the situation regarding *coram nobis* cases in New York and its application to 8 U.S.C. 1251(b) is governed by the decision of the Second Circuit in the case of *United States ex rel. Piperkoff* v. *Esperdy*, 267 F.2d 72 (May 18, 1959). That case likewise involved *coram nobis* proceedings. The court there held:

We hold that § 1251(b) announces a federal standard for the determination of what constitutes the first entry of judgment or the passing of sentence. While we may assume that in many or even most cases that standard incor-

---

[2] See footnote 1, *supra.*

porates and adopts the relevant state law, we hold that it does not do so where the sole basis for the vacation and reentry of judgment is to repair the omission to make the statutory recommendation against deportation permitted by § 1251(b). To hold otherwise would be to defeat the plain command of the statute, which strictly, and for a good purpose, limits the time within which the extraordinary power vested in the trial court must be exercised.[3]

An examination of the various steps in the *coram nobis* proceedings, particularly the reference to deportation and the plea of guilty upon rearraignment, leads to the inescapable conclusion that the vacation and reentry of the judgment was for the sole purpose of petitioning the court to make the statutory recommendation against deportation permitted by 8 U.S.C. 1251(b). Such recommendation was not timely and was ineffectual. It is concluded the respondent is subject to deportation on the charge stated in the order to show cause. In view of his criminal record, discretionary relief is not warranted.

Although not necessary to the disposition of the case in view of the decision we have already reached as to deportability, we believe that appropriate comment should be made regarding the contention of the sufficiency of the notice by counsel in accordance with the provisions of section 241(b), 8 U.S.C. 1251(b). It is undisputed that subsequent to the granting of the motion to vacate the judgment of conviction, the respondent's counsel on September 14, 1959, notified the District Attorney of New York County, the District Director of the Service at New York, and the Attorney General at Washington, D.C., of the action taken by the City Magistrates Court and gave notice of his intention to move the court for a recommendation that the alien be not deported. The examining officer conceded that such notice was received. The statute, 8 U.S.C. 1251(b)(2), in appropriate part reads:

* * * due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.

It is noted that the portion quoted above does not specify who shall give the required notice prior to the making of the recommendation. The purpose of this provision, as plainly stated therein, is to afford the Government an opportunity to present argument in opposition to such application for recommendation against deportation, if it so desires. The Government admittedly has received

---

[3] Cf. *Matter of B——*, 7 I. & N. Dec. 227; *Matter of M——G——*, 5 I. & N. Dec. 531; also see *United States ex rel. Klonis* v. *Davis*, 13 F.2d 630, which dealt with a recommendation against deportation under the 1917 act. The lower court in the *Piperkoff* case, 164 F. Supp. 528, observed that the present statute is more stringent than the 1917 act since 8 U.S.C. 1251(b) requires the recommendation to be made "at the time of first imposing judgment or passing sentence."

adequate notice, but chose not to appear in opposition. It does not appear to be important whether such notice be given by the court or by counsel for the alien, in the absence of specific statutory provision, since the purpose of such notice has been satisfied. Indeed, the court's sole interest would appear to lie in hearing arguments on both sides concerning the application for the recommendation against deportation. It is believed that in the absence of any specific limitation in the statute, the notice herein constituted compliance with the provisions of the law.

**Order:** It is ordered that the alien be deported pursuant to law on the charge contained in the order to show cause.