MATTER OF B——

In DEPORTATION Proceedings

A–8258569

*Decided by Board June 21, 1960*

Recommendation against deportation—Ineffective when made at time of resentencing.

Judicial recommendation against deportation made at time of resentencing is held ineffective to avert deportation where sole purpose of court in vacating original judgment of conviction and sentence was to repair the omission to have made such recommendation initially within the time limitation set by section 241(b).

CHARGES:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes—Receiving stolen property; burglary.

Lodged: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Crime within five years—Receiving stolen property.

BEFORE THE BOARD

**Discussion:** This case is before us on appeal from a decision of a special inquiry officer directing the respondent's deportation.

The respondent is a 21-year-old unmarried male, native and citizen of Guatemala, who last entered the United States on August 26, 1955, as a returning resident. He came to this country with his parents in 1946 at the age of 7 and has resided in the United States since that time. The special inquiry officer held that the respondent was deportable on the lodged charge but not on the charge stated in the order to show cause. The latter had been based on convictions for 2 offenses, but the respondent received an absolute pardon for one of the crimes from the Governor of Virginia on October 16, 1959. The lodged charge was predicated solely on a conviction in the United States District Court for the District of Columbia for receiving stolen property, the offense having been committed about January 3, 1958. The only issue to be determined is whether that charge is sustained.

We have carefully reviewed the entire record and have considered the contentions of counsel. In connection with the conviction for receiving stolen property, the respondent on June 30, 1958, was

686

sentenced to imprisonment for a term of 1 to 3 years. Execution of the sentence was suspended and he was placed on probation for 3 years. On October 17, 1958, probation was revoked and the sentence previously imposed was ordered into effect. In May 1959 the respondent through counsel filed a motion to vacate the judgment of conviction and the sentence imposed. Thereafter, he moved the court to recommend to the Attorney General that he be not deported, and notice of the motion was forwarded to the United States Attorney and to the Service on July 2, 1959. On July 17, 1959, while the respondent was still serving the sentence imposed on June 30, 1958, the judgment of conviction and the sentence were vacated; he was convicted and sentenced to a term of imprisonment of 3 months to 1 year and 11 months; and the court recommended against his deportation.

Under 8 U.S.C. 1251(b)(2), a conviction is eliminated as a basis for deportation "* * * if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported * * *." Prior notice must also be given, but the Service does not question the sufficiency of the notice in this respondent's case.

Counsel is correct in his assertion that under *Pino* v. *Landon*, 349 U.S. 901 (1955), a conviction must have attained finality in order to support an order of deportation. *Matter of D——*, 7 I. & N. Dec. 670, which counsel cited in this connection, was overruled in *Matter of A——F——*, A-2904545, Int. Dec. No. 1024 (Atty. Gen., 1959). However, counsel apparently concedes that the judgment of conviction on July 17, 1959, attained finality and we do not consider that the respondent's case involves the question of finality of conviction but rather the question of when there first occurred the imposition of judgment or passing of sentence.

It is true that on July 17, 1959, the court vacated the judgment of conviction entered on June 30, 1958, as being null and void and, insofar as the criminal proceeding is concerned, that judgment was superseded by the judgment of July 17, 1959. In the deportation proceeding against the respondent, on the other hand, the question is not whether one judgment of conviction is valid and another judgment of conviction is invalid, but instead we have only the question as to whether, for deportation purposes, sentence was first imposed on June 30, 1958, or on July 17, 1959. It is our opinion that, in truth and in fact, judgment was first imposed and sentence was first passed on June 30, 1958, and the question resolves itself into whether this action of the court can be disregarded in order to make the subsequent action on July 17, 1959, the first imposing of judgment and passing of sentence.

687

In *United States ex rel. Piperkoff* v. *Esperdy*, 267 F.2d 72 (C.A. 2, 1959), the court said (p. 75):

We hold that § 1251(b) [of Title 8, United States Code] announces a federal standard for the determination of what constitutes the first entry of judgment or the passing of sentence. While we may assume that in many or even most cases that standard incorporates and adopts the relevant state law, we hold that it does not do so where the sole basis for the vacation and re-entry of judgment is to repair the omission to make the statutory recommendation against deportation permitted by § 1251(b). To hold otherwise would be to defeat the plain command of the statute, which strictly, and for good purpose, limits the time within which the extraordinary power rested in the trial court must be exercised. * * *

In the motion to vacate the judgment of conviction and the sentence imposed, it was asserted that the failure of trial counsel to advise the court that the defendant (this respondent) was an alien and to request from the court a recommendation that he not be deported deprived this respondent of such a substantial right as to render the assistance of trial counsel ineffective. It is our considered opinion that the motion itself shows clearly that the sole purpose for vacating and reentering the judgment of conviction in the respondent's case on July 17, 1959, was to repair the omission to make the statutory recommendation against deportation when sentence was first imposed on June 30, 1958. Since the facts in the respondent's case bring it within the quoted language of the *Piperkoff* decision, we consider that case to be controlling. In view of the foregoing, the appeal will be dismissed.

Order: It is ordered that the appeal be and the same is hereby dismissed.