**Francisco Guandique MARIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 25625.

United States Court of Appeals,
Ninth Circuit.

Feb. 24, 1971.

Donald L. Ungar (argued) of Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

David R. Urdan, Chief U. S. Atty. (argued), James L. Browning, U. S. Atty., San Francisco, Cal., Stephen M. Suffin, Atty., I.N.S., San Francisco, Cal., John N. Mitchell, U. S. Atty. Gen., Washington, D. C., for respondent.

Before BROWNING and TRASK, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

Section 241(a) (4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)

---

* Honorable William M. Byrne, Senior Judge. United States District Court for the Central District of California, sitting by designation.

(4), provides that "Any alien in the United States * * * shall, upon the order of the Attorney General, be deported who * * * at any time after entry is convicted of two crimes involving moral turpitude * * *." The Board of Immigration Appeals ordered petitioner deported pursuant to this provision.

Petitioner contends that he is not deportable because neither he, his counsel at the time of his convictions, nor the trial judges were aware of section 241 (b) (2) of the Act, 8 U.S.C. § 1251(b) (2), which provides that deportation shall not take place "if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation * * * that such alien not be deported."

It has been repeatedly held, however, that a recommendation after expiration of the statutory period is ineffective to prevent deportation. United States ex rel. Piperkoff v. Esperdy, 267 F.2d 72 (2d Cir. 1959); United States ex rel. Klonis v. Davis, 13 F.2d 630 (2d Cir. 1926); Ex Parte Eng, 77 F.Supp. 74 (N.D.Cal.1948); United States v. Esposito, 67 F.Supp. 770 (E.D.N.Y.1946); United States ex rel. Arcara v. Flynn, 11 F.2d 899 (W.D.N.Y.1926); see Haller v. Esperdy, 397 F.2d 211, 213 (2d Cir. 1968). Petitioner can be in no better position where, as here, no recommendation was ever made. Todaro v. Munster, 62 F.2d 963, 964 (10th Cir. 1933).

Petitioner presents an ingenious argument based upon Costello v. Immigration & Naturalization Service, 376 U.S. 120, 84 S.Ct. 580, 11 L.Ed.2d 559 (1964), and Gubbels v. Hoy, 261 F.2d 952 (9th Cir. 1958). Those cases, however, dealt with a different problem. In both, section 241 (b) (2) was held to condition the meaning of section 241(a) (4). Here, the question is what section 241(b) (2) itself means. To hold for petitioner would require us to conclude that Congress intended the statutory period to be immaterial so long as the parties were unaware of the statute. Petitioner has pointed to nothing in the legislative history reflecting such a highly unlikely intention.

Affirmed.