missible before a court martial or civilian court.

▮ Before the courts will intervene and interfere with the military's exercise of its authority over persons lawfully entered into its service, the complaining serviceman must utilize available administrative processes or demonstrate a substantial likelihood of success. Locks v. Laird, 441 F.2d 479 (9th Cir. 1971), Schwartz v. Covington, 341 F.2d 537 (9th Cir. 1965).

▮ Appellant has not attempted to explore any administrative remedies, let alone exhaust them.

The judgment of the district court is affirmed.

Eugenio Cazorla, Dallas, Tex., for petitioner.

John N. Mitchell, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Troy A. Adams, Jr., District Director, Immigration & Nat. Service, New Orleans, La., Charles W. Jordan, District Director, Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., James Gough, Asst. U. S. Atty., Houston, Tex., for respondent.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1] Marin v. Immigration & Naturalization Service, 438 F.2d 932 (9th Cir. 1971).

---

**Abel OROSCO–GARCIA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 28794

Summary Calendar.[*]

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1971.

---

**James D. ANDRES, Plaintiff-Appellant,**

v.

**SOUTHWESTERN PIPE, INC.,**
Defendant-Appellee.

No. 71–1981

Summary Calendar.[**]

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1971.

---

[*] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

[1.] See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

[**] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.