Juan Nava CERUJO, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 77-1464.

United States Court of Appeals, Seventh Circuit.

Heard Dec. 1, 1977.

Decided Feb. 13, 1978.

Thomas C. Hochstatter, Milwaukee, Wis., for petitioner.

Philip Wilens, Lauri Steven Filppu, Dept. of Justice, Washington, D. C., Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for respondent.

Before CUMMINGS and WOOD, Circuit Judges, and GRANT, Senior District Judge.*

PER CURIAM.

In accepting petitioner's guilty plea, a Wisconsin judge recommended against his deportation but did not give pre-sentencing notice to the Immigration and Naturalization Service pursuant to Section 241(b) of the Immigration and Nationality Act (8 U.S.C. § 1251(b)). The Board of Immigration Appeals held that the judge's recommendation against deportation was ineffec-

tive for want of compliance with the prior notice provision in the statute, so that, as the Immigration Judge concluded, petitioner was subject to deportation to Mexico under Section 241(a)(4) as an alien who had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

In October 1975, the Immigration and Naturalization Service (INS) issued an order to show cause why petitioner, a citizen of Mexico residing in Wisconsin, should not be deported to that country on the ground that he had been convicted of two crimes involving moral turpitude, namely, an Illinois conviction of theft on December 26, 1972, and a Wisconsin conviction of damage to property and attempted theft on January 17, 1975. The record showed that in 1969, he obtained an immigration visa as the spouse of a United States citizen and was admitted to this country for permanent residence later that year. Three years later he was convicted of theft in an Illinois court, and in January 1975, he was convicted in Wisconsin of criminal damage to property and attempted theft. Circuit Judge John E. Foley of Milwaukee County placed him on probation for a period of one year and ordered "that this case is not to be considered by the Immigration Department with regard to deportation." However, the INS had not been given pre-sentencing notice under Section 241(b) of the Immigration and Nationality Act which provides:

"The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply  *  *  *  (2) if the court sentencing such alien for such crimes shall make, at the time of first imposing judgment or passing sentence, or within 30 days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the [Immigration and Naturalization]

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section." 8 U.S.C. § 1251(b).

Petitioner's deportation hearing began on March 2, 1976, before an Immigration Judge. His counsel filed a motion to terminate the proceedings on the ground that the Wisconsin conviction could not be considered with respect to deportation because of Judge Foley's recommendation against deportation. Although, as seen, no prior notice of this recommendation had been given to the INS under Section 241(b), petitioner's counsel submitted an affidavit stating that Judge Foley was presently willing to entertain the views of the INS, presumably to reaffirm or reconsider his prior recommendation.

The Immigration Judge handed down a decision holding that the prior notice requirement of Section 241(b)(2) was mandatory, so that Judge Foley's recommendation against deportation was ineffective for want of such notice to the INS. Because petitioner therefore stood convicted of two crimes involving moral turpitude, he was held deportable under Section 241(a)(4) of the Act (8 U.S.C. § 1251(a)(4)). For the same reason the Board of Immigration Appeals upheld the Immigration Judge's decision and dismissed the appeal. We reverse and remand.

The statute at issue does not state who shall give "due notice * * * prior to making such recommendation" against deportation to representatives of the INS and others. We are told that in practice sometimes the sentencing judge gives the prior notice and sometimes petitioner's counsel does. The source of the prior notice is immaterial to the INS.[1] This record does not show which person, if any, was expected to give due notice to the INS here, but it is admitted that the INS did not receive any notice prior to Judge Foley's non-deportation recommendation. The statute also does not clarify the effect of a recommendation against deportation made without prior notice to the INS, although it has been argued that if accepted principles of statutory construction are applied, at least the 30-day time limit and by analogy the notice requirement should be read as directory and not mandatory. *Velez-Lozano v. Immigration and Naturalization Service*, 150 U.S.App.D.C. 214, 463 F.2d 1305, 1310 (1972; dissenting opinion). Our reading of these unclear statutory provisions as applied to the facts of this case in which no prejudice to the Government has been proven is that petitioner should not be penalized for the failure to give notice by holding the state judge's recommendation completely void where, as here, the recommendation to the Attorney General was timely and where the INS had knowledge of the recommendation prior to instituting the deportation proceeding.[2] "No intervening harm to the public, or otherwise, had occurred * *." *Velez-Lozano, supra*, 150 U.S.App.D.C. at 218, 463 F.2d at 1309 (dissenting opinion).

At oral argument, counsel for the INS admitted that its representative can now appear before Judge Foley and oppose the non-deportation recommendation. We were advised that on other occasions the INS has returned to present its views to sentencing judges after it receives actual notice of a recommendation against deportation. Since the record shows that Judge Foley is still in office and willing to consider the INS's views about this petitioner's deportation, the Government has shown no prejudice.[3]

1. See 8 C.F.R. 241.1 which provides that the notice may be given by "the court, a court official, or by counsel for the prosecution or the defense * * *."

2. The INS states that it probably discovered that a non-deportation recommendation had been made "after one of its employees read the record of the alien's Wisconsin conviction" (Br. 7).

3. The INS argues that such a procedure is prejudicial because unless the Service can make its views known to the judge before he rules, "the Service bears the burden of persuading the judge to reverse a position which he has taken

# 1326

A similar problem occurred in *Haller v. Esperdy,* 397 F.2d 211 (2d Cir. 1968), where the sentencing judge assumed responsibility for informing the INS that the court was planning to recommend non-deportation of the alien. The Court of Appeals held that the failure of the sentencing court to give prior due notice to the INS did not make its recommendation ineffective and that the alien's conviction could not be used as a basis for deportation until the INS presented its views in opposition to the sentencing court and that court acted on them. The Government has called our attention to no contrary judicial decision [4] except the unre-

ported opinion in *Andreson v. Highland,* Civil Action 25660 (E.D.Pa.1959). However, that case involved a recommendation against deportation made at a *resentencing* hearing,[5] and the case was also decided on the additional ground of Andreson's not having exhausted his administrative remedies. The district judge in *Andreson* did not have the benefit of the *Haller* opinion, which was decided more than eight and a half years later. In any event, we prefer the following reasoning of Judge Feinberg in *Haller:*

"The purposes of the statute have been achieved in part here because [as in this

for the record" (Br. 18). If the judge were merely being asked to change his opinion based on the same set of facts available to him when he made his initial decision, this argument might be persuasive, but in cases in which the Service does appear it is likely that the appearance would be sought because the Service wishes to present evidence that was not before the judge when he first ruled, such as the added incidents of wrongful conduct that the Service advises us they would have introduced in this case. In this context the appearance by the Service is somewhat analogous to a motion for new trial based on new evidence and a subsequent retrial, proceedings that are regularly handled without hint of prejudice by the judge who heard the case initially. In any event, the persuasiveness of the Service's argument is reduced by the fact that, as we were informed at oral argument, the Service has appeared to contest recommendations against deportation after a judge has made his decision even when the Service had notice beforehand. See also *Haller v. Esperdy,* 397 F.2d 211, 214 (2d Cir. 1968). Even assuming that the Government might face a slight additional obstacle in having to persuade a judge who already had decided an issue once, on balance we would agree with dissenting Judge Fahy in *Velez-Lozano, supra,* that to invalidate the judge's recommendation completely would "have the harsh consequence of deportation" in a case in which but for a procedural error deportation may have been unjustifiable, while allowing the recommendation to stand pending argument by the Service "would cause no comparable harm." 150 U.S.App.D.C. at 221, 463 F.2d at 1312. See *Costello v. Immigration and Naturalization Service,* 376 U.S. 120, 128, 84 S.Ct. 580, 11 L.Ed.2d 559; cf. *Thatcher v. Tennessee Gas Transmission Co.,* 180 F.2d 644, 648 n.7 (5th Cir.), certiorari denied, 340 U.S. 829, 71 S.Ct. 66, 95 L.Ed. 609 (1950); 3B Moore's Federal Practice ¶ 24.12[1]; 7A Wright & Miller, Federal Practice and Procedure § 1915 (discussing failure to give required notice to Attor-

ney General of challenges to the constitutionality of a federal statute under Federal Rule of Civil Procedure 24(c) and 28 U.S.C. § 2403).

4. It is true that several courts have held the provision requiring the judge's recommendation to come within thirty days of sentencing to be a bar to judges who did not know at the time of sentencing about the possibility of making a recommendation but learned about the possibility after the thirty days have expired. See, e. g., *Marin v. Immigration and Naturalization Service,* 438 F.2d 932 (9th Cir. 1971), certiorari denied, 403 U.S. 923, 91 S.Ct. 2238, 29 L.Ed.2d 702. Even if we were to agree that those opinions properly interpret the statute (see *Velez-Lozano v. Immigration and Naturalization Service, supra* (dissenting opinion)), those cases would be distinguishable because at least one purpose of the 30-day provision—to require a contemporaneous decision while the case is fresh in the judge's mind (see *Velez-Lozano, supra,* 150 U.S.App.D.C. at 221, 463 F.2d at 1312 (dissenting opinion))—is irretrievably lost when the statute is not followed, while the desire to allow the Service to present its views, which is the basis of the notice provision, can still be provided even when the notice is not timely. See note 3 *supra.*

5. Although the court did not find the distinction to be significant, the fact that the recommendation was made at a resentencing hearing may have been itself sufficient to justify the district judge's refusal to abide by the recommendation because a resentencing has been declared to be not "the time of first imposing judgment or passing sentence, or within 30 days thereafter" as stated in Section 241(b). *United States ex rel. Piperkoff v. Esperdy,* 267 F.2d 72 (2d Cir. 1959); but see *Velez-Lozano v. Immigration and Naturalization Service, supra* (dissenting opinion).

case] the recommendation was timely made by the most knowledgeable party. The sentencing court did not get the benefit of the views of the Service, but presumably that can still be achieved. Moreover, doing so after the recommendation would not be a complete break with Service practice; we were advised at oral argument that had the Service actually been notified within the thirty-day period after sentence, exactly that after-the-event procedure would have been followed. We think that following that course now on these facts is not inconsistent with congressional intent. In fact, it is clear that the qualifying provisions of section 1251(b) are an important part of the legislative scheme expressed in section 1251(a)(4), and we should be wary of narrowing the scope of the former." [6] 397 F.2d at 214.

This same rationale was adopted by Judge Fahy in his dissenting opinion in *Velez-Lozano, supra,* at 1310, where he favored holding

"that the notice contained in the judge's recommendation should be given effect, subject, as in *Haller,* to opportunity to the Service to urge the judge to reconsider his recommendation." [7]

Our opinion is limited to the circumstances of this case where the state sentencing judge is still available and willing to reconsider his non-deportation recommendation and where there is no evidence that petitioner's role in the failure to give INS notice was intentional. Until the INS presents its views to Judge Foley and receives a decision thereon, petitioner's deportation must be stayed. If Judge Foley withdraws his recommendation against deportation, the INS will be entitled to deport petitioner. If Judge Foley adheres to his non-deportation recommendation, petitioner will not be deportable under Section 241(a)(4) of the Immigration and Nationality Act on the basis of that conviction.

Reversed and remanded for further proceedings consistent herewith. [8]

---

6. Like Judge Fahy, who applied *Haller* to a case in which the sentencing judge did not assume responsibility for giving notice (see *Velez-Lozano, supra*), we think Judge Feinberg's reasoning about the purposes of the statute is not dependent on the factual circumstances of that case and is broad enough to cover petitioner's claim here.

7. The *Velez-Lozano* majority did not reach the prior due notice problem discussed in Judge

Fahy's dissenting opinion in *Velez-Lozano,* in *Haller* and here.

8. In view of this resolution and assuming jurisdiction, there is no need for us to consider whether the INS construction that prior due notice is mandatory under Section 241(b) would unconstitutionally deprive an alien of his right to effective assistance of counsel.