**UNITED STATES of America,**

v.

**Friedrich Norbert JAEGER, Defendant.**

**No. 79 Cr. 54.**

United States District Court,
S.D. New York.

May 20, 1983.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for U.S.; Raymond A. Levites, Asst. U.S. Atty., New York City, of counsel.

Nina Rao Cameron, Dist. Counsel, I.N.S., New York City, David S.J. Neufeld, Huntington, N.Y., for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

In 1979 defendant was named in a 15-count indictment which charged him and another with various violations of the scheme-to-defraud statutes (18 U.S.C. §§ 1341, 1342 and 2). It was alleged that the victims were defrauded of more than one million dollars. The defendant pled guilty to counts 8, 13 and 15. On August 6, 1979 he was sentenced to serve a term of imprisonment of eighteen months on counts 13 and 15 to run concurrently with each other, and the imposition of sentence was suspended on count 8 with a probation period of three years to commence upon the expiration of his confinement on the sentence imposed on counts 13 and 15. All the remaining counts were dismissed.

The defendant served approximately one year of his prison term, and upon his release he was under probation pursuant to the judgment entered on August 6, 1979. He was required to report to and file periodic reports with his probation officer. On or about January 25, 1983 the Probation Office petitioned this Court for revocation of probation on two separate grounds: (1) that the defendant continuously, from October 1980 to October 1982 had submitted false and misleading monthly written reports relative to his financial situation to his probation officer, and (2) that in January 1982, while a prospective witness in a federal prosecution, he had lied to the representatives of the United States Attorney's office and the Federal Bureau of Investigation as to his proposed testimony in violation of 18 U.S.C., section 1001. On March 31, 1983 the defendant, appearing by the same attorney who had represented him at the time of the entry of his guilty plea and at sentencing, admitted to a violation of the first specification—that is, the submission of false and misleading reports and, with the government's consent, the second specification was dismissed. Following receipt of an up-to-date presentence report this Court, on April 22, 1983, revoked probation and imposed a sentence of imprisonment of one year and one day.[1] At defendant's request he was authorized to and did surrender himself to the Federal Prison Camp, Allenwood, Montgomery, Pennsylvania, on May 6, 1983.

The defendant is an alien, a citizen of Germany, who has been convicted of a crime involving moral turpitude committed within five years after his entry into the United States and sentenced to confinement therefor for more than a year and thus is deportable.[2] He now moves pursuant to 8 U.S.C., section 1251(b) that this Court recommend he not be deported as authorized under that section. This is the second application for such relief. In July

---

[1]. Through inadvertence, the judgment which was entered on May 4, 1983 in the Office of the Clerk of this Court refers to the sentence of one year and one day as imposed on counts 8, 13 and 15 to be served concurrently. This is an error since the sentence was imposed only under count 8, which sentence had previously been suspended and a term of probation imposed which was then revoked. The defendant had already served his sentence on counts 13 and 15. Accordingly, a corrected judgment is filed simultaneously herewith.

[2]. 8 U.S.C. § 1251 in pertinent part provides:
(a) Any alien in the United States ... shall, upon the order of the Attorney General, be deported who—

. . . .

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more. . . .

1980, after he had served almost a year of his initial sentence of eighteen months, the defendant applied for such a recommendation. This Court then denied the application with the following memorandum:

> This application for a recommendation pursuant to 8 U.S.C., section 1251(b) that defendant not be deported is made almost one year after sentence and shortly before his anticipated release from confinement. In this circumstance, the Court is without jurisdiction to grant relief. *See United States ex rel. Piperkoff v. Esperdy,* 267 F.2d 72, 74–75 (2d Cir.1959); *United States ex rel. Klonis v. Davis,* 13 F.2d 630 (2d Cir.1926) (L. Hand, J.); *Valez-Lozano v. Immigration and Naturalization Service,* 463 F.2d 1305, 1308 (D.C. Cir.1972); *Marin v. Immigration and Naturalization Service,* 438 F.2d 932, 933 (9th Cir.), *cert. denied,* 403 U.S. 923 [91 S.Ct. 2238, 29 L.Ed.2d 702] (1971).
>
> . . . .

The defendant now contends that the imposition of his current sentence on April 22, 1983 for violation of his probation starts the time running anew, and since thirty days have not elapsed, the Court has the power to make a recommendation if it so decides. The Immigration and Naturalization Service opposes on the grounds that the application is untimely.

The case is one of novel impression and research by the Court and counsel fails to disclose any precise authority. The Court is of the view that it lacks the power to make a recommendation. Under the statute the authority vested in the sentencing court must be exercised "at the time of first imposing judgment or passing sentence, or within 30 days thereafter." [3] Here the time of "first imposing judgment or passing sentence" was on August 6, 1979 and the judgment was entered on the records of this Court at that time. The judgment so imposed was twofold: a prison term of eighteen months under two counts and a suspended three-year probation term on the third count to commence upon the defendant's release from confinement. That judgment, to borrow an expression from our Court of Appeals, was a "total sentencing package." [4] The sentence imposed on April 22, 1983 was an implementation of the judgment entered in August 1979 and was brought about solely by reason of the defendant's violation of the terms of his probation.

To hold that the sentence imposed as a result of the defendant's violation of probation which was part of the original judgment starts the thirty-day period running anew would create an anomalous situation—an oddity in the law. As already noted, his first application made in July 1980 was denied because of untimeliness. He was thereupon subject to deportation upon release from his initial confinement. Thus if he had not violated the terms of probation, the Immigration Service was in a position to institute proceedings for his deportation. If the defendant's contention that the sentence for probation violation starts the thirty-day period running anew is upheld, then by his own wrongful conduct he has created a new opportunity to seek a shield against his deportation. He is not entitled to become the beneficiary of his own wrongful conduct. If this be deemed a strict interpretation of the statute, it is consistent with the policy that the courts

---

**3.** 8 U.S.C. § 1251(b) provides as follows:
The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply . . . if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.

**4.** *United States v. Lopez,* 706 F.2d 108 at 110 (2d Cir.1983) (citing *McClain v. United States,* 676 F.2d 915, 918 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982)).

have uniformly applied to this particular provision of the statute.[5]

The motion is denied for lack of jurisdiction.

So ordered.

---

**5.** *See United States ex rel. Klonis v. Davis,* 13 F.2d 630 (2d Cir.1926) (L. Hand, J.); *United States ex rel. Piperkoff v. Esperdy,* 267 F.2d 72 (2d Cir.1959); *Valez-Lozano v. Immigration and Naturalization Service,* 463 F.2d 1305, 1308 (D.C.Cir.1972); *Marin v. Immigration and Naturalization Service,* 438 F.2d 932, 933 (9th Cir.), *cert. denied,* 403 U.S. 923, 91 S.Ct. 2238, 29 L.Ed.2d 702 (1971).