GONZALEZ–MARTINEZ v. LANDON, District Director of Immigration and Naturalization, Dist. No. 16, et al.

No. 13526.

United States Court of Appeals
Ninth Circuit.

March 31, 1953.

Writ of Certiorari Denied June 15, 1953.

See 73 S.Ct. 1140.

Sweet, Ault & Warner and Verne O. Warner, San Diego, Cal., for appellant.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Chief, Civil Division, Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before MATHEWS, BONE and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Miguel Gonzalez-Martinez, a Mexican alien, married Maria Rita Dominguez in Mexico on August 29, 1939; entered the United States in 1945 on or before November 21, 1945; committed the crime of bigamy by marrying Enriqueta Mestis in California on November 21, 1945, while still married to Maria Rita Dominguez;[1] returned to Mexico in 1945 on or after November 21, 1945; reentered the United States in January, 1951; and on March 22, 1951, admitted the commission, on November 21, 1945, of the crime of bigamy mentioned above.

 That was a crime involving moral turpitude. Whitty v. Weedin, 9 Cir., 68 F.2d 127. Hence appellant was deportable under one of the provisions of 8 U.S.C.A. § 155(a)[2] relating to criminals, namely, the

provision that, "At any time within five years after entry, * * * any alien * * * who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude * * * shall, upon the warrant of the Attorney General, be taken into custody and deported".

A warrant for appellant's arrest was issued on June 20, 1951, by appellee H. R. Landon, the district director of Immigration and Naturalization in charge of District No. 16. Under that warrant, appellant was arrested at San Diego, California, on June 29, 1951, but was released on parole. Hearings were had at San Diego on July 12 and 20, 1951. On July 20, 1951, appellant applied for suspension of deportation. On July 26, 1951, the hearing officer decided that appellant should be deported. Appellant excepted to the hearing officer's decision, but the acting Assistant Commissioner of Immigration and Naturalization made a decision on September 10, 1951, ordering that appellant be deported, and that his application for suspension of deportation be denied. Appellant appealed from the acting Assistant Commissioner's decision, but the Board of Immigration Appeals dismissed that appeal on December 7, 1951.

Accordingly, on January 14, 1952, the Attorney General, acting by and through appellee Landon, issued a warrant of deportation commanding the district enforcement officer at Los Angeles, California, or any officer or employee of the Immigration and Naturalization Service to deport appellant to Mexico. That warrant was delivered to appellee U. L. Press, an officer of the Immigration and Naturalization Service, for execution. Acting thereunder, appellee Press took appellant into custody.

On May 26, 1952, while detained in custody of appellee Press, appellant, by his attorneys, filed with the clerk of the United States District Court for the Southern District of California, Southern Division, a

1. See California Penal Code, §§ 281–283.

2. Section 155 was repealed by § 403(a) of the Immigration and Nationality Act of June 27, 1952, c. 477, 66 Stat. 279, effective December 24, 1952, but was in effect at all pertinent times prior to December 24, 1952. This case is not affected by the repeal. See § 405(a) of the Act, 66 Stat. 280.

petition wherein appellees (Landon and Press) were named as respondents. The petition was addressed to District Judge Jacob Weinberger. It alleged that the warrant of deportation was void, and that appellant's detention was illegal. It prayed for a writ of habeas corpus directed to appellee Press, commanding him to "have the body" of appellant before Judge Weinberger at a time and place to be specified, "together with the time and cause of his detention, and said writ," and that appellant "be restored to his liberty."

On May 28, 1952, the District Court (Judge Weinberger presiding) issued a writ of habeas corpus as prayed in the petition. In response thereto, appellant was produced and a return was filed by appellees. Thereafter the case was submitted, and on July 23, 1952, the District Court (Judge Weinberger presiding) entered an order which dismissed the petition or purported to dismiss it,[3] but did not discharge the writ of habeas corpus or remand appellant to the custody of appellee Press. From that order appellant has appealed.

█ Appellant contends that the Attorney General had discretionary power to grant appellant's application for suspension of deportation; that the Attorney General should have exercised his discretion with respect to appellant's application, but failed to do so; and that, because of that failure, the warrant of deportation was void.

Appellant's application was based on 8 U.S.C.A. § 155(c), as amended in 1948,[4] which provided: "In the case of any alien (other than one to whom [§ 155(d)][5] is applicable) who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General may * * * suspend deportation of such alien if he is not ineligible for naturalization or if ineligible, such ineligibility is solely by reason of his race, if he finds (a) that such deportation would result in serious economic detriment to a citizen or

legally resident alien who is the spouse, parent, or minor child of such deportable alien; or (b) that such alien has resided continuously in the United States for seven years or more and [was] residing in the United States upon [May 1, 1917]. * * *"

Section 155(d) provided: "The provisions of [§ 155(c)] shall not be applicable in the case of any alien who is deportable under * * * any of the provisions of so much of [§ 155(a)] as relates to criminals * * *."

As indicated above, appellant was deportable under one of the provisions of § 155(a) relating to criminals. Hence § 155 (d) was applicable to him, and § 155(c) was inapplicable. Hence the Attorney General had no power—discretionary or otherwise—to grant appellant's application.

The order here appealed from is modified so as to discharge the writ of habeas corpus and remand appellant to the custody of appellee Press or to the custody of any other officer or employee of the Immigration and Naturalization Service who is or may be authorized to execute the warrant of deportation.

As thus modified, the order is affirmed.

---

3. Actually, the petition was granted, in part, on May 28, 1952, when the writ of habeas corpus was issued.

4. See footnote 2.

5. See footnote 2.