J. Irwin Shapiro, J.
This is a motion requesting the court “ to make a recommendation to the Attorney General that the defendant, nestor ayiotis, not be deported pursuant to Section 1251 (b) (2), Title 8, HSCA, and for an order directing that such recommendation be included in the sentencing, nunc pro tunc, as of December 13th, 1963 ”.
On December 13, 1963, upon his plea of guilty to the crime of robbery, second degree, defendant Avas sentenced 11 to the Elmira Reception Center for a period of not less than five and not more than fifteen years ’ ’. At the time of sentencing defendant was an alien, a native of Cyprus and a citizen of the United Kingdom.
On appeal the judgment of conviction was modified to the extent of directing ‘£ that defendant be confined for an indefinite term ” in the Elmira Reception Center instead of the specific term theretofore imposed.
The defendant was paroled on February 14, 1966. Thereafter a deportation proceeding was instituted against him by the Immigration and Naturalization Service for the New York District pursuant to section 242 of the Immigration and Nationality Act (U. S. Code, tit. 8, § 1252) Avhich culminated in a finding that the defendant was a deportable alien under section 241 of said act (U. S. Code, tit. 8, § 1251, subd. [a], par. [4]), and an order of deportation was duly entered against him.
The defendant now contends that £ ‘ At the time of sentencing the counsel representing defendant was unaware of Section 1251 (b) (2) of Title 8, U. S. C. A., pursuant to which he could have made application to your Honor for a recommendation that defendant not be deported.”; that ‘‘ Defendant came to this country on September 22nd, 1958, and the crime took place on August 9th 1963, four years, eleven months later — one month short of the time to render him non-deportable. ’ ’ and, therefore “Defendant was deprived of a substantial right, and it is respectfully submitted that it would be a denial of due process if this defendant were deported without affording him an opportunity to make this application.”
The issues presented by this application are whether this court has jurisdiction to alter the sentence after service thereunder has been commenced — or, as in this case, has actually been completed — and if it has, whether the facts warrant the exercise of the court’s discretion to grant the application. *833 The sole opposition to the defendant’s application is by the United States Immigration and Naturalization Service. Neither the District Attorney of Queens County nor the Attorney-General of the State of New York has submitted any papers in opposition to the application.
Section 2188 of the Penal Law provides that once the service of a sentence has begun, the court may not interfere therewith if it is in fact a legal sentence. (People ex rel. Rainone v. Murphy, 1 N Y 2d 367; People v. Negron, 21 A D 2d 904.) If the attempt to amend or modify the sentence heretofore imposed in this case dealt with its incarceratory provisions, i.e., the place in which or the length of time that the defendant was to serve, it is clear that under the statute and the decisional interpretations thereof I would have no power to change it. However, the application here is not to modify the sentencing provisions of the judgment but rather to obtain the exercise of the ancillary power of the court to make a recommendation, not in connection with the service of the sentence, but, solely with the defendant’s status after his term of imprisonment has terminated.
Under the circumstances, and although I have been unable to find any decisional law on the subject, I hold, as a matter of law, that the statute was intended to limit the power and jurisdiction of the court to bar interference with the operative portion of the sentence, which is that portion which determines the time and place of confinement, and was not intended to, nor does it, cover any observations or recommendations of the court accompanying but which are not in fact operative parts of the sentence.
Accordingly, for the purposes of reaching the merits of the application (and without considering the fact that the sentence served by the defendant was really imposed by the Appellate Division and not by me) I hold that I have the power to amend the sentence heretofore imposed, nunc pro tunc, to include a recommendation therein that the defendant be not deported.
A perusal of the report submitted to me by the Probation Department and of the official transcript taken at the time of sentencing discloses that the defendant’s alien status was known to both the court and defendant’s counsel. However, subdivision (b) of section 1251 of title 8 of the United States Code provides that a recommendation that the defendant alien be not deported may be made only upon due notice ‘ ‘ prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.” No such notice was given to the Immigration Service and, therefore, *834 the court did not in any way consider that question. It would, therefore, seem meet and proper that I now, for whatever good it may do the defendant, state what I would have done if the question of possible deportation and the recommendation to bo made in connection therewith were properly before me at the time of sentence.
The defendant’s relatives are all in this country. If returned to Cyprus he would, in effect, be a stranger in a strange land, since he was a comparative youngster when he left Cyprus. If the crime which he committed in this case had been postponed one month he would in no event have been subject to deportation. He has been penalized as permitted by law for his crime, his first one of record, and presumably has learned that crime does not pay. Under the circumstances, to now forcibly exile and separate him from all those whom he holds dear would be factually, though not constitutionally, cruel and inhuman punishment.
Under the circumstances, this court, in the exercise of what it considers to be the exercise of sound judicial discretion, while it does not amend the sentence nunc pro tunc for the reasons hereinafter stated, does certify that if the application for recommendation against deportation had been made on proper notice, the court, at the time of sentencing would have made a recommendation against deportation.
In opposing this application the United States Immigration and Naturalization Service points out that “ The conviction which forms the basis of his [defendant’s] present status as a deportable alien is that for which he was first sentenced by this Court on December 13, 1963,” and that the recommendation against his deportation “ must be made within thirty (30) days of first sentencing.” In that connection subdivision (b) of section 1251 of title 8 of the United States Code provides that, “ The provisions of subsection (a) (4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply * * * if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. ’ ’ (Emphasis supplied.)
The Federal courts have been most strict in interpreting the words u at the time of first imposing judgment or passina sen *835 tence, or within thirty days thereafter (United States ex rel. Klonis v. Davis, 13 F. 2d 630 [C. A. 2d].) That case was determined under the predecessor immigration section (Immigration Act of 1917, § 19) which read: “ at the time of imposing judgment ” and did not contain the language in the present .statute which reads “ at the time of [first] imposing judgment.” Nevertheless, the Circuit Court of Appeals for the Second Circuit in that case determined that an order entered one and one-half years after sentence, purporting to amend the judgment nunc pro tunc so as to add the requisite recommendation was ineffective to prevent deportation.
It would appear clear, therefore, that if I were to grant the present application it would be completely ineffective as a valid judicial act under the Federal statute. The addition of the word “first” to the phrase “at the time of [first] imposing judgment” re-enforces the rigidity of the prior statute and makes it crystal clear that what is sought here by this application would result in an ineffective judicial determination.
Even if I were to vacate the judgment of conviction heretofore imposed and resentence the defendant, the resentence under the Federal statute would not constitute a first imposition of judgment. (United States of America ex rel. Piperkoff v. Esperdy, 267 F. 2d 72.) In that case the County Court of Kings County vacated its first judgment and imposed a new judgment containing a recommendation against deportation. Nevertheless, the Circuit Court held (p. 75) that “ where the sole basis for the vacation and reentry of judgment is to repair the omission to make the statutory recommendation against deportation permitted by § 1251 ” it would not be held to comply with the statute requiring the recommendation to be made “ at the time of first imposing judgment ”, for, said the court “To hold otherwise would be to defeat the plain command of the statute, which strictly, and for good purpose, limits the time within which the extraordinary power vested in the trial court must be exercised.”
The court also pointed out, in a footnote, that the reason for adding the word “first” to the language contained in the previous statute was because ‘ ‘ in the past some judges have attempted to make recommendations of this kind long after the expiration of 30 days after the first imposition of sentence ”. (Footnote 2, p. 74.)
Regretfully, therefore, the court denies the application of defendant to amend or modify the judgment heretofore imposed nunc pro tunc as of December 13, 1963, upon the ground that such amendment would be a vain judicial act.