Edward Thompson, J.
Upon consent of the District Attorney, the defendant was produced before this court for possible modification of his previous completed sentence in order to prevent deportation. Upon such appearance he now seeks remedy in coram nobis for vacatur of his former sentence (already served) and for resentence. Opposition to the defendant’s application is made solely by the United States Immigration and Naturalization Service appearing after due notice by the defendant pursuant to law.
The defendant was indicted for grand larceny in the first degree, two counts, criminally buying and receiving stolen and wrongfully acquired property as a felony, and criminally receiving and withholding stolen and wrongfully acquired property as a felony. To the said indictment the defendant, upon recommendation of the District Attorney, pleaded guilty to the misdemeanor of petit larceny in full satisfaction of the same on January 10,1966. After a probation investigation, said defendant was sentenced on March 24, 1966 to the New York City Reformatory, there to be dealt with according to law. On November 22,1966 the defendant was paroled from said institution and thereupon taken into custody by the immigration authorities for deportation. Pending deportation proceedings the defendant is presently out on bail. Defendant’s petition for a writ of error coram nobis seeks vacatur of said sentence and resentence upon the ground that he had been classified 4F for armed service by virtue of anti-social personality rather than anti-social behavior and personality, and upon the further *305 ground that as his first sentencing Justice, I was unaware of the fact that the defendant had voluntarily attempted to enlist in the armed forces on November 14,1963. Thus, the substantive purpose of the defendant’s application is drawn to afford opportunity for the court to make a recommendation against deportation pursuant to subdivision (b) of section 241 of the Immigration and Nationality Act (U. S. Code, tit. 8, § 1251, subd. [b]) and thus afford further and complete opportunity for the defendant to appeal from any findings of the Director of said Immigration and Naturalization Service.
Prior to the afore-mentioned conviction the defendant, in 1963, was convicted of the petit larceny of an automobile, a misdemeanor. After a full hearing, it has been disclosed that the defendant, age 23, born in Colombia, came to the United States in June of 1960 where he resided with his brother, sister and father in Queens County. His father, a writer and broadcaster on “ Voice of America ” for the past three years, became a citizen of the United States in 1964. His brother died at the age of 24 while a member of the United States Army. His sister is presently married and resides in New York City. The defendant’s father has been a widower since 1947 and the defendant presently resides with his aged grandmother in Queens County toward whose domicile the defendant makes substantial financial contributions. Before I imposed the reformatory sentence upon the defendant, he had been employed for some time as a clerk in Manufacturers Hanover Trust Company and said banking institution re-employed him eight days after he was paroled. The defendant has no known living relatives in Colombia whose whereabouts can be determined, and .during the time the defendant has resided in the United States he has had steady employment. Some of these aforementioned facts were not disclosed in the probation investigation report.
It is conceded by the United States Attorney that as a result of this hearing additional facts were developed which were not before the court at the time of sentence, and that such facts might ordinarily be sufficient to motivate the court to a favorable exercise of discretion in behalf of the defendant to the end that deportation would not be recommended. However, although I wish to be merciful, I must give forthright obedience to the patent provisions of the statutes involved and the appellate decisions made thereunder. These are inviolate, inexorable and unalterable as far as they affect this court, this even though unmerited hardship may result therefrom.
*306 Subdivision (b) of section 241 of the Immigration and Nationality Act (U. S. Code, tit. 8, § 1251, subd. [b]) provides: “ (b) The provisions of subsection (a) (4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply (1) in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States, or (2) if the court sentencing such alien for such crimes shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a) (11) of this section. ”
Thus, it is crystal clear that any recommendation against deportation as hereinabove provided must be made at the time of the first sentencing or within 30 days thereafter. (United States ex rel. Klonis v. Davis, 13 F. 2d 630.) It is further the established law that I have no power, under any circumstances, to enlarge or extend the periods of time prescribed by the afore-mentioned statute. (United States ex rel. Piperkoff v. Esperdy, 267 F. 2d 72; People v. Ayiotis (49 Misc 2d 831.) No procedural steps taken in a State court can overcome such time limitations. Any finding on my part which seeks to amend a prior and otherwise valid judgment nunc pro tunc in order to provide the defendant with the favorable recommendation would be futile indeed, although I heartily recommend against such deportation as I make this judicial finding. The stated and plain command of the statute must be observed, even though compliance therewith seems to bring about apparent injustice. In the instant case I firmly believe that the penalty of deportation is unduly harsh in view of the defendant’s rehabilitation and assumption of family responsibility in this community. Had a request for a recommendation to the Attorney General that the defendant alien be not deported been duly made to me at the time of sentence, and had the facts and circumstances elicited at the hearing on this motion been known to me, I most certainly would have readily made such recommendation. Under these circumstances, the remedy for the defendant lies solely in his plea before the Director of the Immigration and Naturalization *307 Service for his considered judgment and for the same I have the highest regard.
For a second point, and apart from the futility of a vain judicial act, I note with particularity that the defendant has made no substantial contention that the sentence first imposed upon him was invalid or inaccurate. Eather he can only contend that the court, as it has herein affirmed, would have made such recommendation if so requested at the time. While the thrust of this argument may somewhat relate to the spirit of remedy in coram nobis, it is surely no basis therefor against the stated word of the statute made mandatory to refute any such contention. Coram nobis is available to those seeking “ to redress an injury done to a defendant which has deprived him of due process of law ”. (Emphasis supplied.) (People v. Sullivan, 3 N Y 2d 196, 198.) The defendant here has his due process available before the Director of Immigration and Naturalization. Under such circumstances the remedy in coram nobis will not lie.
As a third point, section 2188 of the Penal Law specifically precludes interference with imprisonment directed by a judgment and it directs that such imprisonment shall not be suspended or interrupted after such imprisonment has commenced. Surely with added emphasis this principle must be applied where a sentence has been served and there is no serious contention of its validity. (People ex rel. Rainone v. Murphy, N Y 2d 367.) But this does not preclude the court from adding a recommendation apart from the penal confinement if such act were not futile as hereinbefore described, whether such act be called ancillary or auxiliary. (People v. Ayiotis, 49 Misc 2d 831, supra.)
The defendant has lastly contended that his ignorance of the possible consequence of deportation as a result of his conviction, and the failure of the court to advise him of the same, is a violation of section 335-b of the Code of Criminal Procedure. The length and breadth of that section encompasses only additional punishment prescribed by State law as a result of a previous conviction. Defendant’s contention of ignorance of the possible penalties under the Immigration and Naturalization Act avails him nothing and in fact such contention has been judicially rejected (United States ex rel. Durante v. Holton, 228 F. 2d 827, 829; Joseph v. Esperdy [S. D. N. Y.], Docket No. 66 Civil 1555, [July 1, 1966] Tenney, J.) There was no obligation on this court to advise the defendant in regard to the possibility of deportation. Motion denied.