Jack Rosenberg, J.
The defendant applies for an order
directing ancillary supplementing of the recent judgment of conviction in this court for violation of section 1747-e of our State Penal Law — by grant of recommendation that he not be deported, pursuant to section 241 of the Immigration and Nationality Act (U. S. Code, tit. 8, § 1251, subd. [b], par. [2]), the pertinent portions of which follow: “ (b) The provisions of subsection (a) (4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply * * * (2) if the court sentencing such alien for such crime, shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to * * * State, the Service, * * * who shall be granted an opportunity to make representations in the matter. ’ ’
Since the facts are not in dispute, there is no need for a hearing. The defendant, an alien, about 44 years of age, has for more than 20 years continuously resided in the United States. He lives with and is the sole support of his now ailing wife, to whom he was married soon after he arrived here, and a 17-year-old son of the marriage who attends a local high school. His wife and his son are United States citizens.
*676 Defendant apart from this- recent conviction and an earlier similar conviction, as to-each of which sentence was suspended, has apparently led an exemplary life. He was continuously employed for 15 years by one employer and since then is continuously employed by another employer, both of whom highly commend him. It is stated without dispute that he has given up using drugs.
The Federal statute procedurally expressly and precisely prescribes the time within which the application may be made and substantively by implication prescribes that the sentencing court exercise appropriate discretion as to whether or not the recommendation is to be made.
Procedurally the application is timely and in all other respects properly made, so that the reason which prompted denial of the application in People v. Ayiotis (49 Misc 2d 831) is not here present.
The Immigration and Naturalization Service objects to grant of the recommendation — in practical effect on the ground that such grant would not benefit the defendant — as, under Federal law, the crimes of which defendant was convicted do not necessarily involve moral turpitude, so that such convictions may not be made the basis for deportation under the act (U. S. Code, tit. 8, § 1251, subd. [a], par. [4]), to which the recommendation relates.
Substantively the Immigration and Naturalization Service, in practical effect requests that I determine, adversely and permanently to defendant, issues of law as to which until recently coneededly there may have been some doubt, and as to which there does not appear to be decision by the United States Supreme Court.
If determination of such issues of law touched the judgment of conviction, it might be requisite for me to make appropriate determination. However, these issues do not touch the judgment of conviction before me, as these issues arise only on an application ancillary to, but not an integral part of, the judgment of conviction. Essentially these are issues of laAv, the determination of which is to rest on Federal statutes and Federal case law. Our Federal courts are the appropriate forums for determining such issues of law, and my determination coneededly would not bind the service.
As these issues of law are not before me for effective determination, I would not attempt to prophesy how our Federal courts might later determine such issues or what purpose may be served by the grant of the recommendation under other provisions of the act which treat with deportability.
*677 Suffice it to say that the facts before me require favorable exercise of discretion for grant of the recommendation which is the only matter determined by me.
The application of the defendant is granted in all respects.