**Fermin CALVO–AHUMADA and Jane Catherine Calvo, his daughter, Petitioners,**

v.

**Dominick F. RINALDI, District Director of Immigration and Naturalization Service, Respondent.**

**Fermin CALVO–AHUMADA, Appellant No. 18883, and Jane Catherine Calvo, his daughter, Appellant No. 18884,**

v.

**Dominick F. RINALDI, District Director of Immigration and Naturalization.**

**Nos. 18248, 18883 and 18884.**

United States Court of Appeals, Third Circuit.

Argued Nov. 6, 1970.

Decided Dec. 16, 1970.

Robert J. Carluccio, Carluccio, Carluccio & Perfilio, Hoboken, N. J., for petitioners-appellants.

Murray R. Stein, Dept. of Justice, Washington, D. C. (Louis C. Bechtle, U. S. Atty., E. D. Pa., Merna B. Marshall, Asst. U. S. Atty., Will Wilson, Asst. Atty. Gen., Paul C. Summitt, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee-respondent.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

These proceedings involve a consolidation of an appeal from an order of the United States District Court for the District of New Jersey and a petition for review of a July 16, 1969 deportation order of the District Director of Immigration and Naturalization Service directed to Fermin Calvo-Ahumada.

Appellant-petitioner, a native and citizen of Colombia, South America, was admitted to the United States as a visitor for pleasure on September 18, 1962. Subsequently, on July 23, 1963, his status was adjusted to that of a permanent resident alien. Although he had a wife and five children in Colombia, he

nevertheless remarried a second time, again in Colombia, without obtaining a divorce. He has one child, also named as a party in this proceeding, born in the United States of this unlawful marriage and, therefore, a United States citizen.

On August 22, 1967, Appellant-petitioner was convicted in the United States District Court for making a false statement under oath in an application for permanent residence in violation of 18 U.S.C. § 1546. He was sentenced to a year in confinement but sentence was suspended and he was placed on two years probation.

On September 29, 1967 the Immigration and Naturalization Service initiated proceedings for Appellant-petitioner pursuant to Sec. 241(a) (5) of the Immigration and Nationality Act [1] because of his conviction for violation of 18 U.S.C. § 1546; and also because he was allegedly subject to deportation pursuant to Sec. 241(a) (4) of the Act since he had been convicted of a crime involving moral turpitude (the violation of 18 U.S.C. § 1546) within five years of entry and sentenced to confinement for a year or more.

At the deportation hearing, evidence of the conviction was adduced, as well as the circumstances of the second marriage. On October 23, 1967, the Special Inquiry Officer found the Appellant-petitioner deportable on the grounds of both the criminal conviction and his second marriage and ordered him deported to Colombia. Appellant-petitioner's appeal from this decision to the Board of Immigration Appeals was dismissed on April 1, 1968, it being held that he was clearly deportable under Section 241(a) (5) due to the criminal conviction, the finding as to the second marriage being mere surplusage.

Instead of reporting for deportation as ordered by Appellee-District Director on July 16, 1969, Appellant-petitioner filed a complaint in the United States District Court for the District of New Jersey on July 22, 1969 to review the aforesaid deportation order. It was dismissed for lack of jurisdiction on November 18, 1969. Prior to the dismissal, however, he also filed on October 24, 1969 a petition with this court for a review of the deportation order (No. 18,248). Notices of appeal from the District Court's November 18th order were filed by each Plaintiff on December 4, 1969 (Nos. 18,-883 and 18,884). Appellant-petitioner's motion to consolidate these proceedings in this court was granted and they were thereafter heard.

Although it appears to us that both the District Court declaratory judgment action and petition for review filed in this court pursuant to Section 106 of the Immigration and Nationality Act are jurisdictionally defective,[2] we have, at the suggestion of the Respondent District Director of Immigration and Naturalization, and in order to effectuate the congressional intent of expedition as evinced by 8 U.S.C. § 1105a, carefully reviewed the merits of these actions as though they were before us on petition for habeas corpus. See Li Cheung v. Esperdy, 377 F.2d 819, 820 (2d Cir. 1967).

All of the facts developed by counsel for Appellant-petitioner have been fully and sympathetically considered by this court, as they apparently have been by the Respondent District Director of Immigration and Naturalization. We recognize the unfortunate effect that this order of deportation will have upon the Appellant-petitioner and upon the lives of the eight other persons directly concerned. Although, at the deportation

---

1. 8 U.S.C. § 1251(a) (5).

2. Appellant-petitioner's District Court action purported to challenge only the district director's denial of a "stay of deportation" to which relief he was not statutorily entitled under sec. 244(a) (8 U.S.C. § 1254(a)) since he had not enjoyed ten years continuous physical presence in the United States. Moreover, if eligible, suspension of deportation was a decision solely for the Special Inquiry officer in deportation proceedings and no application had been made for it in the deportation hearing; administrative remedies had not therefore, been exhausted.

hearing, the Appellant-petitioner denied that he had committed a fraudulent act in his entry document, he, unfortunately, stands convicted of a crime for which the order of deportation is required. Neither the District Director nor the Attorney General of the United States have any alternative under the existing law. The Board of Immigration Appeals decision upholding the October 23, 1967 deportation order was legally correct and, if a timely appeal had been taken from it (See Cheng Fan Kwok v. Immigration and Naturalization Service, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968)) it would have been affirmed. The petition for review and each of the appellant's appeals will be dismissed.