**The UNITED STATES of America**

v.

**Gobin RAGHUNANDAN, Defendant.**

**No. CR–84–24E.**

United States District Court, W.D. New York.

June 22, 1984.

**424**

Joseph M. Guerra, III, Asst. U.S. Atty., Buffalo, N.Y., for plaintiff.

William Z. Reich, Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Defendant, a citizen of Guyana who has legally resided in this country since May 8, 1977, pled guilty February 13, 1984 to a violation of 8 U.S.C. § 1324 [1] and was sentenced May 14, 1984 to a term of imprisonment in excess of one year, with the imposition of such sentence suspended and the defendant placed under the supervision of the United States Probation Office for a period of five years. He has now moved pursuant to 8 U.S.C. § 1251(b)(2) for a recommendation from this Court to the Attorney General that he not be deported by virtue of such conviction.

The Government has opposed such motion asserting that defendant's conviction did not involve moral turpitude and that therefore a recommendation against deportation under 8 U.S.C. § 1251(b)(2) is not available.[2]

The statutory provisions pertinent to the instant motion are as follow. 8 U.S.C. § 1251(a)(4) provides that any alien in the United States shall, upon the order of the Attorney General, be deported who

---

**1.** 8 U.S.C. § 1324(a) provides in pertinent part: "Any person * * * who—
 * * * * * *
(3) willfully or knowingly conceals, harbors, or shields from detection, or attempts to conceal, harbor or shield from detection, in any place, including any building or any means of transportation; or
(4) willfully or knowingly encourages or induces, or attempts to encourage or induce, either directly or indirectly, the entry into the United States of—any alien * * * not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States * * * shall be guilty of a felony * * *."

**2.** It is noted that the suspension of an imposed sentence is of no consequence with respect to the involvement *vel non* of moral turpitude in the committed crime. *See Okoroha v. Immigration & Nat. Service,* 715 F.2d 380, 382 (8th Cir. 1983); *Okabe v. Immigration and Naturalization Service,* 671 F.2d 863, 864 n. 2 (5th Cir.1982).

"is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial."

8 U.S.C. § 1251(b) provides in pertinent part:

"The provisions of subsection (a)(4) respecting the deportation of an alien convicted of a crime or crimes shall not apply * * * (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. * * *."

The Government's assertion that defendant's conviction was not for a crime involving moral turpitude is supported solely by its citation of *United States v. Gloria*, 494 F.2d 477 (5th Cir.), *cert. denied*, 419 U.S. 995, 95 S.Ct. 306, 42 L.Ed.2d 267 (1974), and must be rejected. The court therein had addressed the issue of the admissibility *vel non* of a prior misdemeanor conviction under 8 U.S.C. § 1325 as impeachment evidence with respect to a witness's testimony. Although the court in *Gloria* had found that the prior conviction had not involved moral turpitude, such holding is of little relevance to the instant motion inasmuch as section 1325 deals exclusively with

an alien's own improper entry or misrepresentation or concealment of facts and is merely a misdemeanor crime for a first-time offender. Such statute does not pertain to the willful or knowing alien-smuggling prohibited and made a felony by section 1324.

█ The offense delineated in section 1324 involves guilty knowledge by the violator as an essential element of the crime— *see United States v. Boerner*, 508 F.2d 1064, 1067–1068 (5th Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2418, 44 L.Ed.2d 681 (1975)—and involves a level of immorality comparable to various other offenses such as the making of a false statement or bigamy which have been found to involve moral turpitude under 8 U.S.C. § 1251(a)(4) and its predecessor, 8 U.S.C. § 155(a). *See Calvo-Ahumada v. Rinaldi*, 435 F.2d 544 (3d Cir.1970); *Gonzalez-Martinez v. Landon*, 203 F.2d 196 (9th Cir.), *cert. denied*, 345 U.S. 998, 73 S.Ct. 1140, 97 L.Ed. 1404 (1953). *See also Guarneri v. Kessler*, 98 F.2d 580 (5th Cir.), *cert. denied*, 305 U.S. 648, 59 S.Ct. 229, 83 L.Ed. 419 (1938) (smuggling); *United States v. Esperdy*, 285 F.2d 341 (2d Cir.), *cert. denied*, 366 U.S. 905, 81 S.Ct. 1049, 6 L.Ed.2d 204 (1961) (bribery); *Okoroha v. Immigration & Nat. Serv.*, 715 F.2d 380 (8th Cir.1983) (possession of stolen mail); *Lozano-Giron v. Immigration & Naturalization Serv.*, 506 F.2d 1073 (7th Cir.1974) (possession of counterfeit currency); *Wyngaard v. Kennedy*, 295 F.2d 184 (D.C.Cir.1961) (disorderly conduct). In addition, *Jew Ten v. Immigration and Naturalization Service*, 307 F.2d 832 (9th Cir.1962), *cert. denied*, 371 U.S. 968, 83 S.Ct. 551, 9 L.Ed.2d 538 (1963), implicitly recognized the propriety of the district court's recommendation against deportation under 8 U.S.C. § 1251(b)(2) where the conviction in question had been for conspiring to assist other aliens to enter the United States in violation of the law.[3]

---

**3.** The court had held in *Jew Ten* that the recommendation against deportation would not necessarily preclude deportation under 8 U.S.C. § 1251(a)(13) for knowingly and for gain assisting the illegal entry of aliens. The Government has contended that the correctness of such holding further warrants denial of defendant's motion in the case at bar. However such position is clearly meritless in view of the fact that the deportability *vel non* of defendant under section 1251(a)(13) has no bearing on the availability of

**426**

Accordingly I find that defendant's conviction under 8 U.S.C. § 1324 related to a crime involving moral turpitude and that the recommendation provision of section 1251(b)(2) is available to this Court.

 The decision whether to grant a recommendation against deportation under section 1251(b)(2) is entirely a matter of judicial discretion. *See People v. Griffin,* 99 Misc.2d 273, 415 N.Y.S.2d 961, 964 (S.Ct., N.Y.Co.1979). Defendant has expressed his sincere remorse regarding his involvement in the circumstances underlying his conviction and has invited this Court's attention to his steady employment record in this country as well as to the fact that he has no prior criminal arrest or conviction record. In addition defendant has asserted that he would suffer significant economic and emotional hardship if he were to be deported from the United States inasmuch as most of his family presently resides in this country, he currently has employment as an accountant in New York, N.Y. and he has been living with a woman in that city for approximately four years.

Upon full consideration of all of these factors, information and letters submitted to this Court by defendant in connection with his pre-sentencing memorandum, as well as the credible indications in defendant's pre-sentence report that strongly suggest that he previously has been involved with alien smuggling on numerous occasions, defendant's request for a recommendation to the Attorney General against deportation is hereby ORDERED denied.

a recommendation against deportation for a pri- or conviction under section 1251(b)(2).