988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kurt Wolfgang MUELLER, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70287.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Petition to Review an Order Of the Board of Immigration Appeals, INS No. All-813-358.
 BIA
 PETITION GRANTED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kurt W. Mueller, a native and citizen of Germany, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to specify adequately the grounds for his appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition for review.
 
 
 3
 * Background
 
 
 4
 Mueller entered the United States as a legal permanent resident on May 19, 1959. On November 13, 1985, Mueller was issued an order to show cause why he should not be deported pursuant to section 241(a)(4) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1251(a)(4), as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.[1]
 
 
 5
 At his deportation hearing on March 27, October 10, October 21, and December 5, 1986, Mueller, represented by counsel, denied deportability and applied for a waiver of deportability under section 212(c) of the Act, 8 U.S.C. § 1182(c).[2]
 
 
 6
 Nevertheless, on February 6, 1987, the immigration judge ("IJ") found that Mueller was deportable based upon his criminal convictions, held invalid the Judicial Recommendation Against Deportation ("JRAD") issued in connection with Mueller's 1978 conviction, denied Mueller's request for section 212(c) relief, and ordered Mueller deported to Germany.
 
 
 7
 Through counsel, Mueller filed a timely notice of appeal with the BIA. Mueller's stated grounds for appeal were:
 
 
 8
 (a) Immigration Judge (IJ) erred by finding that [Mueller] had more than one deportable moral turpitude conviction:
 
 
 9
 (1) IJ made an erroneous conclusion of law by rejecting JRAD for 1978 grand theft conviction in that he failed to allow re-confirmed JRAD per Cerujo v. INS, 570 F.2d 1323 (7th Cir.1978).
 
 
 10
 (2) IJ made an erroneous factual and legal conclusion in finding that [Mueller's] two 1985 grand theft charges did not [arise out] of a common scheme of criminal misconduct.
 
 
 11
 (b) IJ abused his discretion in denying [Mueller] relief under INA [Section] 212(c).
 
 
 12
 (c) IJ abused his discretion and made erroneous conclusions of law in denying [Mueller's] request for a continuance to complete probation and to seek expungement of any remaining moral turpitude convictions, as provided by Operations Instruction 242.1(a)(28). [citations omitted.][3]
 
 
 13
 On April 2, 1992, the BIA issued a per curiam order summarily affirming the IJ's decision. The BIA found Mueller's " 'reasons' for appeal merely reiterate arguments which he made prior to the issuance of the immigration judge's decision. This is exemplified by his reliance on his trial brief in lieu of an appellate brief." The BIA noted that the IJ "apparently considered and rejected" the arguments in Mueller's trial brief. The BIA summarily dismissed Mueller's appeal for "failure to identify the reasons for appeal in a meaningful fashion." Mueller timely petitions this court for review of the BIA's decision.
 
 II
 Standard of Review
 
 14
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are "appropriate." ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 15
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if an alien fails to specify the reasons for the appeal in the notice of appeal. We have held that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya, 841 F.2d at 296 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985)).
 
 
 16
 Here, as a basis for appeal, Mueller's notice of appeal alleged that the IJ erred by finding Mueller had been convicted of more than one crime involving moral turpitude. Mueller alleged the IJ erred because (1) the IJ should have disregarded the 1978 conviction because of the JRAD, and (2) the two counts of grand theft in 1985 were part of a common scheme and, therefore, constituted one conviction. Thus, Mueller's notice of appeal adequately informed the BIA "of what aspects of the IJ's decision were allegedly incorrect and why." See Reyes-Mendoza, 774 F.2d at 1365. Accordingly, we grant the petition for review and remand the case to the BIA for determination on the merits.
 
 
 17
 PETITION GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The order to show cause alleged that Mueller was convicted of grand theft in violation of Cal.Penal Code § 487 on December 4, 1978 and of grand theft-property in violation of Cal.Penal Code § 487.1 on March 15, 1985
 
 
 [2]
 At the initial hearing, Mueller admitted the allegations in the order to show cause and conceded deportability. Mueller subsequently retained new counsel and denied deportability. While assisted by new counsel, Mueller argued that he was not deportable because the Judicial Recommendation Against Deportation concerning his 1978 conviction was issued timely and because his conviction of two counts of grand theft in 1985 arose out of a common scheme of criminal misconduct and, therefore, did not constitute two separate convictions. Mueller argued that because he in fact had only one moral turpitude conviction, he was not deportable under section 241(a)(4)
 
 
 [3]
 On the Form I-290A notice of appeal, Mueller indicated he would be filing a supplemental brief. Later, Mueller's counsel advised the BIA by letter that he would not file an appellate brief because he believed it was "not necessary." The letter directed the BIA's attention to the trial brief Mueller had submitted to the IJ